UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
EUROMARKET DESIGNS, INC.,
d/b/a CRATE & BARREL,

        Petitioner,

  -v-                                    No.  08 Civ. 7908 (LTS)(DCF)

MCGOVERN & COMPANY, LLC,

        Respondent.
----------------------------------------------------------x

### MEMORANDUM OPINION AND ORDER

Euromarket Designs, Inc. ("Euromarket" or "Petitioner") petitions the Court, pursuant to the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 9, to confirm a July 30, 2008, arbitration award against Respondent McGovern and Company, LLC ("McGovern LLC" or "Respondent") that was rendered in connection with a dispute arising from a construction contract between the parties.  Respondent has cross-petitioned to vacate the award and requests that a new arbitration hearing be ordered.  The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332.  The Court has reviewed thoroughly and considered carefully all of the parties' submissions in this action.  For the following reasons, Petitioner's motion to confirm the arbitration award is granted and Respondent's cross-petition to vacate the arbitration award is denied.

### BACKGROUND

The following facts are undisputed unless otherwise noted.  In or about May 2002, the parties entered into a construction contract (the "Agreement") for a construction project at one of Petitioner's stores.  (November 20, 2008, Daniel McGovern Affidavit in Opposition ("McGovern Opp. Aff.") at ¶ 9; December 1, 2008, Andrew Stephenson Aff. ("Stephenson Aff.")

at ¶ 3.)  The Agreement provides that "[a]ny controversy or Claim arising out of or related to [the Agreement], or the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association." (Petition, Ex. A; McGovern Opp. Aff. at ¶ 10.)

A dispute arose involving work performed under the Agreement.  ("McGovern Opp. Aff. at ¶ 10; Stephenson Aff. at ¶ 4.)  Petitioner retained counsel to represent it in the matter. (Stephenson Aff. at ¶ 4.)  Michael P. Goldsmith, who apparently initially represented McGovern LLC as outside counsel in connection with the dispute, was hired by McGovern LLC as General Counsel and Vice President in May 2006 and handled all communications concerning the dispute and other legal matters.  (McGovern Opp. Aff at ¶¶ 4, 7, 12; see also (Reply Affirmation of Deborah C. Roth ("Roth Aff."), Ex. 2 (correspondence from Euromarket's counsel to Goldsmith).) At the time he was hired, Goldsmith was an attorney admitted to practice in New York State. (McGovern Opp. Aff. at ¶4.)  He was disbarred in June 2007, but McGovern LLC did not become aware of that fact until October 2008, at which time Daniel McGovern ("McGovern"), McGovern LLC's Managing Member, terminated Goldsmith's employment.  (Id. at ¶ 6.)  Euromarket asserts that its counsel sought to communicate directly with McGovern prior to May 2008 in an effort to resolve the dispute after efforts directed to Goldsmith failed, but that McGovern was unresponsive. McGovern alleges that Goldsmith told him and McGovern LLC that the dispute with Euromarket had been resolved.  (Id. at ¶11.)

On or about May 29, 2007, Petitioner submitted a Demand for Arbitration (the "Demand") against McGovern LLC to the American Arbitration Association (the "AAA"). (Petition, Ex. B; McGovern Opp. Aff. at ¶ 10.)  In a June 11, 2007, letter to the AAA, Goldmsith acknowledged his receipt of the Demand and of correspondence from the AAA.  (Roth Aff., Ex. 2.)

The parties participated in administrative conference calls in August and October of 2007. (Roth Aff., Ex. 4 ("August 16, 2007, letter from the AAA") ("October 30, 2007, letter from the AAA").) A preliminary hearing was held via teleconference on March 17, 2008. (Stephenson Aff. at ¶ 14; see also id., Ex. 13 (March 18, 2008, letter from the AAA to counsel).) An arbitration hearing was scheduled for June 4 and 5, 2008. (Id.) According to Petitioner, Goldsmith was unresponsive to requests from Euromarket's counsel after the preliminary hearing and failed to provide Euromarket with McGovern LLC's exhibits for the scheduled June hearing. (Stephenson Aff. at ¶ 15.) On June 2, 2008, Goldsmith, by e-mail sent to the AAA, requested an adjournment of the June 4-5, 2008, hearing, due to a back injury allegedly suffered the week before. (Reply Affirmation of Deborah C. Roth ("Roth Aff.") at ¶ 4; see also id., Ex. 6 (June 3, 2008, AAA email forwarding Goldsmith's email request).) Goldsmith's request did not include an explanation of his delay in requesting the adjournment beyond asserting that his pain had caused him to lose track of the date of the hearing. (Id.) Petitioner submitted opposition to the request, highlighting Goldsmith's prior dilatory conduct, including delays and communications regarding possible settlement meetings that delayed the filing of the Demand, Respondent's failure to file a response to the Demand, Respondent's failure to respond to the AAA, the Arbitrator and Claimant's counsel, Respondent's failure to pay its administrative fee, Goldsmith's failure to participate in a conference call scheduled with the Arbitrator and Petitioner's counsel, and Respondent's failure to exchange documents in accordance with the schedule set by the Arbitrator. (Roth Aff. at ¶ 7; McGovern Opp. Aff., Ex. 4.) Petitioner also noted that a search on the New York State Bar website revealed that someone with the same name as Respondent's counsel was listed as being disbarred. (McGovern Opp. Aff., Ex 4.) On June 3, 2008, the Arbitrator denied the adjournment request. (Roth Aff. at ¶ 7; McGovern Opp. Aff., Ex. 5.)

Neither Goldsmith nor any other representative of McGovern LLC appeared at the June 4, 2008, hearing. (Roth Aff. at ¶ 10; McGovern Opp. Aff. at ¶ 22.) Petitioner presented documentary evidence and called three witnesses to testify on its behalf. (Roth Aff. at ¶ 12; see also id., Ex. 11 (the "Transcript").) At the conclusion of the hearing, the Arbitrator requested that Petitioner submit an additional memorandum of law with regard to a warranty issue so as to allow the Arbitrator to determine "in good conscience" whether Respondent had any valid defense precluding an award in Petitioner's favor. (Transcript at pp. 99-103.) In addition to the memorandum, Petitioner submitted a request to amend its damages and an affidavit concerning Petitioner's entitlement to attorney fees under the Agreement. (Roth Aff. at ¶ 14.) Petitioner's submissions were copied to Goldsmith via email. (Roth Aff. at ¶ 14, Ex. 12.) A July 2, 2008, letter from the AAA acknowledging receipt of Euromarket's submissions and advising that Respondent had not filed any evidence or documents on its behalf was sent to counsel for Euromarket and to Goldsmith. (Roth Aff. at ¶ 15, Ex 9; see also McGovern Opp. Aff., Ex. 3.) An award dated July 30, 2008 (the "Award"), was issued, granting Petitioner the amount sought in its Demand for Arbitration and interest running from the date of the Demand, and denying Petitioner's motion to amend its damages and Petitioner's request for attorneys fees. (Roth Aff. at ¶ 17; see also Petition, Ex. C.)

According to McGovern, McGovern LLC had no independent knowledge of the arbitration hearing, the Award or the petition to confirm the Award because Goldsmith handled all aspects of the underlying arbitration between the parties, Goldsmith kept the arbitration proceeding a secret, and Goldsmith never informed McGovern that an arbitration hearing had been scheduled. (McGovern Opp. Aff. at ¶¶ 3, 7, 8.) McGovern claims that he was unaware of the Demand, and that his understanding of the dispute between the parties was based on Goldsmith's representations

that it was a dispute that had been resolved by Goldsmith, a subcontractor and counsel for Euromarket.  (McGovern Opp. Aff. at ¶ 11.)  According to Respondent, McGovern did not learn of Goldsmith's disbarment until October 2008, at which time Goldsmith's employment was terminated.  (Id. at ¶ 6.)

Euromarket filed its petition to confirm the Award on September 10, 2008, (the "Petition"), and filed, and served personally on Goldsmith, a motion to confirm the Petition on September 22, 2008.  (Docket Entry Nos. 1, 4; Roth Aff. at ¶24.)  Other attempts to serve copies of this Court's orders and Petitioner's submissions by first class mail were returned as undeliverable.  (Roth Aff. at ¶¶ 19-20.)  Those documents were subsequently sent again via certified mail return receipt requested, and were signed for by someone at that address.  (Id. at ¶ 21.)  By letter dated October 30, 2008, Respondent, through newly-retained counsel, informed the Court that it had only recently learned of the arbitration hearing, the Award and the Petition, and requested an extension of time to oppose the Petition, and a briefing schedule.  (Docket Entry No. 10.)  According to Respondent, its lack of knowledge stemmed from Goldsmith's failure to inform McGovern LLC of the scheduled arbitration hearing and his failure to inform anyone of his disbarment.  (Id.)  Goldsmith had also allegedly defaulted on a number of other matters on Respondent's behalf.  (Id.)  The Court granted the requested extension.  (Id.)  On November 20, 2008, Respondent filed its answer to the Petition and also cross-petitioned to vacate the Award.  (Docket Entry Nos. 15, 12.)[1]

---

[1] The parties dispute the timeliness of McGovern LLC's cross-petition to vacate the Award under the N.Y. C.P.L.R. and the FAA.  Euromarket argues that the Court's October 31, 2008, memo endorsement did not constitute an extension of time to file a cross-petition, but was merely an extension of time to file an opposition to petitioner's Notice of Petition.  The Court need not determine the scope of the request and the endorsement; assuming a timely filing of the cross-petition, that petition fails for the same reasons that Respondent's opposition fails, as detailed in this Memorandum Opinion and Order.

D<small>ISCUSSION</small>

Arbitration awards are entitled to great deference. Porzig v. Dresdner, Kleinwort, Benson, North America LLC, 497 F.3d 133, 138 (2d Cir. 2007) ("This Court has repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process."). The Second Circuit has "often explained that arbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 821(2d Cir. 1997) (internal quotation marks and citation omitted).

"A party moving to vacate an arbitration award has the burden of proof, and the showing required to avoid confirmation is very high." D.H. Blair, 462 at 110; see also Goldman v. Architectural Iron Co., 306 F.3d 1214, 1216 (2d Cir. 2002) (it is not enough, to vacate an arbitration award, that the arbitrator made a mistake of law or clear error in fact finding). The FAA provides four statutory grounds for vacating an arbitration award, generally relating to arbitrator misconduct, providing for vacatur

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C.A. § 10(a)(3) (West 2009). N.Y. C.P.L.R. § 7511(b) also sets forth four, similar, grounds for vacating an arbitration award under New York law, providing for vacatur

> if the court finds that the rights of that party were prejudiced by: (i) corruption, fraud or misconduct in procuring the award; or (ii) partiality of an arbitrator

>appointed as a neutral, except where the award was by confession; or
>(iii) an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made; or (iv) failure to follow the procedure of this article, unless the party applying to vacate the award continued with the arbitration with notice of the defect and without objection.

N.Y. C.P.L.R. § 7511(b)(1) (McKinney's 2009).[2]  McGovern LLC asserts that the award should be vacated, arguing that the Arbitrator's refusal to postpone the hearing, his conducting the hearing in the absence of a representative for McGovern LLC, and his failure to report the information that he received about Respondent's attorney possibly having been disbarred amounted to misconduct that denied McGovern LLC a fundamentally fair arbitration hearing.  Specifically, McGovern LLC argues that the Arbitrator's actions deprived Respondent of the right to an attorney and the right to be heard, to present evidence and to cross-examine witnesses.

       The relevant inquiry under both the federal and New York arbitration statutes is whether misconduct by the Arbitrator resulted in a denial of  "fundamental fairness."  Congressional Securities, Inc. v. Fiserv Correspondent Services, Inc., 102 Fed. Appx. 190, 191-92 (2d Cir. 2004); see also Tempo Shain Corp. v. Bertek, Inc., 120 F.3d 16, 20 (2d Cir. 1997) ("Courts have interpreted [9 U.S.C.] [S]ection 10(a)(3) to mean that except where fundamental fairness is violated, arbitration determinations will not be opened up to evidentiary review."); McMahan &

---

[2]  The parties agree that both the FAA and the N.Y. C.P.L.R. apply to their dispute, and there is no conflict between these two bodies of law as to the issue in dispute here. Fairfield Towers v. Fishman, No. 02 Civ. 6402, 2003 WL 21738976, at *2, n. 1 (S.D.N.Y. July 28, 2003); Yonir Techs., Inc. v. Duration Sys. (1992) Ltd., 244 F. Supp.2d 195, 203 (S.D.N.Y. 2002) ("There is no conflict between New York and federal law on any of the issues relevant to this dispute, and the holdings of this case can rest on either body of law."); David Assoc. v. Bevona, No. 86 Civ. 2217, 1988 WL 3481, at *3 n. 1 (S.D.N.Y. 1988) ("This Court ... is bound by the rules of the Federal Arbitration Act, which is not materially dissimilar [from CPLR § 7511] for the purpose of this case.").

Co. v. Dunn Newfund I, Ltd., 656 N.Y.S.2d 620, 621 (1st Dep't 1997) (fundamental unfairness can constitute grounds for vacatur under the FAA); Coty Inc. v. Anchor Const. Inc., 02 Civ. 601499, 2003 WL 139551, at * 7 (N.Y. Sup. Jan. 8, 2003), aff'd, 776 N.Y.S.2d 795 (1st Dep't 2004) ("The same standard [of fundamental fairness] applies in New York Courts."). Fundamental fairness means notice and an opportunity to be heard. McMahan & Co. v. Dunn Newfund I, Ltd., 656 N.Y.S.2d 620, 621 (1st Dep't 1997) (the fundamental fairness standard is met "when the parties have had adequate notice and opportunity to be heard by unbiased decision-makers"); see also Wise v. Marriott Intern., Inc., No. 06 Civ. 11-1439, 2007 WL 2780395, at *4 (S.D.N.Y. Sept. 24, 2007) (same standard applies under New York and federal law).

As a threshold matter, the Court notes that neither the FAA nor the New York CPLR requires that a party be represented by an attorney. See, e.g., Polin v. Kellwood Co., 103 F. Supp. 2d 238, 262 (S.D.N.Y. 2000) ("the FAA contains no provision requiring parties to be represented by counsel in arbitration proceedings"); N.Y. C.P.L.R. § 7506(d) (McKinney's 1998) ("A party has the right to be represented by an attorney and may claim such right at any time as to any part of the arbitration or hearings which have not taken place." (emphasis added)). Respondent cites what it characterizes as the "unwaivable" right to an attorney provided by New York C.P.L.R. § 7506(d) in support of its argument that the Arbitrator failed to comply with Article 75. However, the cited provision only prohibits a compelled waiver of counsel, it does not require a party to appear with counsel, and failure to exercise the right to counsel does not invalidate the Award. (See N.Y. C.P.L.R. § 7506 Practice Commentaries C7506:4.) Additionally, AAA Rule M-3 provides only that "[s]ubject to any applicable law, any party may be represented by persons of the party's choice. The names and addresses of such persons shall be communicated in writing to all parties and to the AAA." According to the plain language of the rule, a party may, but need not, be represented by an

attorney.  Thus, the fact that Goldsmith, who then still held the title of General Counsel to McGovern LLC and who was the only company representative who had communicated with the AAA, was not a licensed attorney at some stage of the arbitration proceeding did not render the proceeding fundamentally unfair.  Nor was it inconsistent with the procedures of Article 75 or the AAA rules for the arbitrator to continue to recognize Goldsmith as McGovern LLC's representative in connection with the proceeding.  Respondent points to no authority for the proposition that an arbitrator has a duty, going to the fundamental fairness of the arbitration proceeding, to inform a party's principal directly of misgivings or adverse information regarding the qualifications or quality of the services of the party's chosen representative.  An arbitrator's decision to deal with the merits of the matter before him based on the merits of the parties' submissions (or lack thereof) through their chosen representatives, does not provide a basis for a finding of misconduct warranting vacatur of the arbitration award.

       Furthermore, the undisputed facts, and Respondent's admissions of record, indicate clearly that Respondent, through its designated representative, received notice of the arbitration proceedings and was afforded the opportunity to be heard.  There is no dispute that Goldsmith, an officer of McGovern LLC, was on notice of the arbitration proceedings and of the hearing.  Goldsmith participated in the preliminary hearing, during which the June evidentiary hearing date was set.  (Stephenson Aff. at ¶ 14, Ex. 13.)  He communicated with the AAA via facsimile and email.  (See, e.g., Stephenson Aff., Ex. 2 (Goldsmith's June 11, 2007, letter to the AAA), Ex. 6 (June 3, 2008, AAA email forwarding Goldsmith's email request for adjournment); McGovern Opp. Aff., Ex. 3 (February 8, 2008, email chain indicating that AAA had received a response from Goldsmith).)  Goldsmith's own adjournment request indicates that he was aware of the date of the hearing.  Additionally a March 3, 2008, letter from the AAA reminded the parties that the

arbitration could proceed, pursuant to the AAA Rules, in the absence of any party who, after due notice, failed to be present or to obtain an adjournment. (McGovern Opp. Aff., Ex. 3; see Matter of Channel Textile Co., Inc. v. Items, Inc. of California, 548 N.Y.S.2d 688, 689 (1st Dep't 1989) (attorney's failure to appear at arbitration hearing following proper notice not grounds for vacatur).) Respondent was provided with opportunities to submit evidence during and after the hearing (see e.g., McGovern Opp. Aff., Ex. 3 (June 9, 2008, letter from AAA indicating that Respondent could submit a reply to the memorandum that the Arbitrator had requested from Petitioner)), but failed to do so (Roth Aff., Ex 9; see also McGovern Opp. Aff., Ex. 3 (July 2, 2008, letter from AAA indicating that Respondent "has not taken the opportunity provided by the arbitrator to file any evidence or documents on its behalf")). Respondent also failed to provide exhibits to Petitioner at any time prior to the hearing. (Stephenson Aff. at ¶ 15.)

    The record of communications in connection with the arbitration demonstrates that the Arbitrator, and Petitioner, provided the requisite notice to Respondent's representative. The Arbitrator did not prevent Respondent from presenting evidence, or limit the type of evidence that Respondent could present, nor did the Arbitrator prevent Respondent from cross-examining witnesses or otherwise defending its position. Goldsmith's alleged failure to communicate properly with his client and the resultant default cannot be attributed to any flaw in the arbitral proceedings.

    The Court also notes that the Arbitrator did not merely enter a default judgment against Respondent for failure to appear at the hearing. The Arbitrator heard the evidence that Petitioner presented, including both documentary and testimonial evidence, and even requested supplemental briefing from Petitioner on a specific issue to allow him to determine whether Respondent had "any sort of even a threshold defense here." (Transcript at pp. 99-101.) Thus, it is clear that the Arbitrator carefully weighed the evidence presented and did not simply rely on

Respondent's failure to appear or to submit evidence in reaching his determination.

Nor does the Arbitrator's rejection of Goldsmith's postponement request constitute misconduct warranting vacatur.  See Storey v. Searle Blatt Ltd., 685 F. Supp. 80, 82 (S.D.N.Y. 1988) ("The granting or denying of an adjournment falls within the broad discretion of appointed arbitrators."); Henneberry v. ING Capital Advisors, LLC, 831 N.Y.S.2d 378, 379 (1st Dep't 2007) ("An arbitrator has broad discretion in determining whether to grant or deny an adjournment."). Courts have repeatedly refused to vacate an arbitration award where there was a reasonable basis for denying an adjournment request, including under circumstances similar to those here.  See, e.g., Ottawa Office Integration, 132 F. Supp. 2d at 220 (reasonable basis existed for denying request based on alleged, but unsubstantiated ill health, found where hearing had been adjourned before and the request was made one day before the hearing was scheduled); see also  Bisnoff v. King, 154 F. Supp. 2d 630, 637(S.D.N.Y. 2001) (reasonable basis for denying request made two and a half weeks before the scheduled hearing found where arbitrators determined allegations of medical condition requiring adjournment were not credible).[3]

---

[3]     The New York cases that Respondent cites in support of its argument that the Arbitrator's denial of the adjournment request constituted misconduct warranting vacatur are unavailing in the circumstances of this case.  "[U]nder New York law an arbitrator's decision not to adjourn may be vacated only when it constitutes an abuse of discretion and forecloses presentation of all material and pertinent evidence." Bisnoff v. King, 154 F. Supp. 2d 630, 637, n. 5 (S.D.N.Y. 2001) citing Omega Contracting, Inc. v. Maropakis Contracting, Inc., 554 N.Y.S.2d 664 , 665 (2d Dep't 1990).  As explained below, the Arbitrator had a reasonable basis for denying the adjournment request.  Accordingly, there was no abuse of discretion.  Nor has Respondent even attempted to demonstrate that the denial of the postponement prevented it from proffering evidence that it had a meritorious position.  Respondent did not avail itself of the post-hearing opportunity that the Arbitrator afforded it to make submissions.  Moreover, Respondent has not made any proffer of evidence before this Court indicating that, had Goldsmith's postponement request been granted, it would have discovered Goldsmith's misconduct and tendered a meritorious defense through a different representative prior to the conclusion of the

Here, the record indicates that the Arbitrator had a reasonable basis for denying Goldsmith's requested adjournment.  It was made on the eve of a scheduled evidentiary hearing in advance of which Respondent had failed to make discovery and required payments toward arbitration costs, postdated by at least some number of days the alleged onset of the medical problem, did not proffer any medical documentation of the condition or indicate why no substitute representative could conduct the hearing, followed a period during which Respondent's representative had been entirely non-responsive to opposing counsel and the AAA, and came at a time when Petitioner represented that it was ready for the hearing and had already brought its witnesses to New York.  (McGovern Opp. Aff., Ex. 4.)  Petitioner argued that the request was likely another delaying tactic in a course of unprofessional conduct.

McGovern LLC also argues that Euromarket's attorney and the Arbitrator acted in violation of New York's "Disciplinary Rules of the Code of Professional Responsibility" Section 1200.4, entitled "Disclosure of Information to Authorities," which requires lawyers to report a violation of section 1200.3, the disciplinary rule addressing misconduct, to a tribunal or other authority empowered to investigate or act upon such violation.  McGovern LLC argues that Goldsmith's conduct constituted a violation of Section 1200.3 and that both the attorney for Euromarket and the Arbitrator violated Section 1200.4 by failing to report Goldsmith's conduct to a body capable of investigating or acting on such information.  Even assuming a reporting violation, Respondent has not identified how such a violation deprived it of a fundamentally fair hearing, the inquiry relevant here.  Insofar as Respondent is attempting to argue that failure to report rendered the proceeding unfair because it resulted in Respondent's continued representation by someone

---

arbitration proceedings.

who was not actually an attorney, Respondent's position fails for the reasons explained above because there is no requirement that a party be represented by an attorney in an arbitration proceeding.

The Court finds that Respondent has failed to proffer evidence of Arbitrator misconduct rising to a level that deprived Respondent of a fundamentally fair arbitration process. Nor has Respondent provided the Court with any case law requiring that an arbitration award be vacated for attorney misconduct.  Instead, as Magistrate Judge Francis noted in <u>1199 SEIU United Healthcare Workers East v. Lily Pond Nursing Home</u>, No. 07 Civ. 0408, 2008 WL 4443945 (S.D.N.Y. Sept. 29, 2008), "in the analogous situation where a party seeks to vacate a final judgment in a civil case on the grounds of attorney misconduct, the Second Circuit has established that 'an attorney's mistake or omission based on ignorance of the law, failure to follow rules and deadlines, inability to handle caseload and complete and total disregard for client rights or professional ethics are not bases for relieving a party from a final judgment.'" <u>Id.</u> at *6, quoting <u>Alvarado v. Manhattan Worker Career Center</u>, No. 01 Civ. 9288, 2003 WL 22462032, at *2 (S.D.N.Y. Oct. 30, 2003).  Thus, the Court finds no grounds for vacating the Award under the FAA or New York CPLR § 7511(b) and the Award must be confirmed.

CONCLUSION

For the foregoing reasons, Petitioner's petition to confirm the arbitration award is granted and Respondent's cross-petition to vacate the award is denied.  The July 30, 2008, arbitration award is confirmed.  This Memorandum Opinion resolves Docket Entry Nos. 4 and 12. The Clerk of Court is respectfully requested to enter judgment confirming the July 30, 2008, Award of the Arbitrator in the Matter of the Arbitration Between Euromarket Designs dba Crate & Barrel ("Claimant") and McGovern & Company LLC ("Respondent"), awarding Claimant Two Hundred

Thirty-Eight Thousand Seven Hundred Ninety-Three Dollars and Fifty-Four Cents ($238,793.54), plus interest from May 25, 2007, at the rate of Nine Percent (9%) per annum, and $1,371.25, the portion of fees and expenses in excess of the apportioned costs previously incurred by Claimant. The Clerk of Court is requested to close this case upon entry of judgment.

    SO ORDERED.

Dated: New York, New York
       September 3, 2009

                                              LAURA TAYLOR SWAIN
                                              United States District Judge